HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JURISTINE H. BETTS,<br><br>    Plaintiff,<br><br>    v.<br><br>JACQUELINE A. BERRIEN,<br><br>    Defendant. | CASE NO. C11-56RAJ<br><br>ORDER |

## I.  INTRODUCTION

This matter comes before the court on Defendant's motion to dismiss (Dkt. # 31). Neither party requested oral argument, and the court finds this matter suitable for disposition on the basis of the parties' briefing and supporting evidence. For the reasons explained below, the court GRANTS the motion to dismiss (Dkt. # 31).

## II.  BACKGROUND

Plaintiff Juristine Betts was hired by the Equal Employment Opportunity Commission ("EEOC") as an intake information representative on March 3, 2008. Ms. Betts' position had a one-year probationary period. Ms. Betts is blind, and she required various accommodations to perform the duties of her job. Ms. Betts' accommodations became a source of conflict between Ms. Betts and EEOC management, and Ms. Betts

was eventually terminated on July 18, 2008.  *See* Stahman Decl. (Dkt. # 32), Ex. A.  Her termination letter cites multiple reasons for termination, including sleeping at work, rude and hostile behavior, and failure to follow instructions.  *See id*.

     The day after Ms. Betts received her termination letter, she notified the Office of Equal Opportunity that she believed she had been discriminated against because of her disability and in retaliation for prior EEO activity.  *See id*., Ex. B.  Plaintiff decided to resolve her EEOC complaint via mediation, and she entered into a settlement agreement on October 27, 2008.  *See id*., Exs. D & E.  The settlement agreement required Ms. Betts to withdraw her EEOC complaint, and required the EEOC to allow her to resign, to expunge any reference to termination in her personnel record, and to pay Ms. Betts a lump sum of $2,500.  *See id*., Ex. E.  Several days later, Ms. Betts attempted to rescind the settlement agreement.  *See id*., Ex. F.  Ms. Betts was informed that voiding the settlement agreement would require approval of EEOC management, and management ultimately declined to void.  *See id.*, Ex. F & G.

     On February 17, 2009, Ms. Betts sought to initiate the settlement review process under 29 C.F.R. § 1614.504(b) by requesting a Final Agency Decision from the EEOC regarding the status of her settlement agreement.  *See id*., Ex. G.  The EEOC issued a Final Agency Decision on March 18, 2009, finding that Ms. Betts knowingly entered into the settlement agreement and did not act under duress or coercion.  *See id*.  Ms. Betts appealed that decision on April 13, 2009, and the EEOC upheld its decision on October 14, 2009.  *See id.*, Ex. H.  Ms. Betts requested reconsideration, and the EEOC denied reconsideration.  *See id.*, Ex. I.  On January 12, 2011, Ms. Betts filed this lawsuit, and filed the most recent version of the complaint on July 20, 2011, bringing claims against Defendant EEOC Chair Jacqueline A. Berrien.  *See* 2d Am. Comp. ("SAC") (Dkt. # 29).  Ms. Betts requests that this court, *inter alia*, rescind the settlement agreement by reinstating Ms. Betts to her job.  The Defendant filed a motion to dismiss for lack of subject-matter jurisdiction, and the court now turns to consider that motion.

## III.   ANALYSIS

**A.   Legal Standards.**

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "the court is to take all well-pleaded factual allegations as true and to draw all reasonable inferences therefrom in favor of the plaintiff." *Wyler Summit P'ship v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998). Facts alleged in the complaint are assumed to be true. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1030 n.1 (9th Cir. 2002). The issue to be resolved on a motion to dismiss is whether the plaintiff is entitled to continue the lawsuit to establish the facts alleged, not whether the plaintiff is likely to succeed on the merits. *See Marksman Partners L.P. v. Chantal Pharm. Corp.*, 927 F. Supp. 1297, 1304 (C.D. Cal. 1996).

A complaint must provide more than a formulaic recitation of the elements of a cause of action, and must assert facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). The Ninth Circuit has summarized *Twombly*'s plausibility standard to require that a complaint's "non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

**B.   The Court Lacks Subject-Matter Jurisdiction Because the United States has Not Waived Its Sovereign Immunity.**

It is well-established that the United States, as a sovereign, is entitled to immunity from suit unless it consents to be sued. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941). Without Congressional consent, any court lacks subject-matter jurisdiction over a lawsuit against the United States. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). The party invoking federal jurisdiction bears the burden of proving the existence

of subject-matter jurisdiction. *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

Federal regulations outline a limited waiver on the United States' sovereign immunity as it relates to potential relief for employees who file employment discrimination claims. *See* 29 C.F.R. §§ 1614.501-505. If a federal employee alleges that a Title VII settlement agreement has been breached, the employee may either demand specific performance of the agreement or reinstate the original complaint. *See* 29 C.F.R. § 1614.504. But the regulations do not provide for enforcement of settlement agreements in federal court, and without such a waiver, the United States' sovereign immunity precludes the exercise of subject-matter jurisdiction. *See Munoz v. Mabus*, 630 F.3d 856 (9th Cir. 2010). Likewise, federal courts lack jurisdiction to consider a federal employee's claim for *invalidation* of a settlement agreement, because the Title VII waiver of sovereign immunity does not extend to that type of claim. *See Thompson v. McHugh*, 388 Fed. Appx. 870, 873 (11th Cir. 2010); *Palmer v. Salazar*, 324 Fed. Appx. 729, 735 (10th Cir. 2009).

Ms. Betts does not address *Thompson* or *Palmer*, or otherwise explain why those cases are not analogous to this case. Instead, Ms. Betts attempts to characterize her lawsuit as "a discrimination action, not a contract action." Pltf.'s Opp'n at 5. But to whatever extent Ms. Betts believes her lawsuit involves claims for employment discrimination, the court would still lack subject-matter jurisdiction over those claims because she never filed a formal EEO complaint of discrimination under Title VII or the Rehabilitation Act, and thus her administrative remedies have not been exhausted and the discrimination claims are not ripe. Ms. Betts did administratively challenge the validity of the settlement agreement,[1] but, as explained in *Thompson* and *Palmer*, that issue

---

[1] To whatever extent Ms. Betts argues that the "right to sue" letter she received from the EEOC in its Decision on Reconsideration amounts to a waiver of sovereign immunity, she is wrong. *See* Pltf.'s Opp'n at 4. An agency cannot waive the United States' sovereign immunity.

cannot be considered by this court because the United States has not waived sovereign immunity as to that issue.

  Ms. Betts' attempt to invoke jurisdiction under the Age Discrimination in Employment Act ("ADEA") also fails. *See* Pltf.'s Opp'n at 6 (citing 29 U.S.C. § 626(f)(1)(F)(i)). Though it may be true that Ms. Betts would not be required to exhaust any ADEA claim administratively via the EEO process before filing suit, she would nonetheless first have to notify the EEOC of her intent to file suit no less than thirty days before filing suit, and no more than 180 days after the alleged discriminatory practice occurred. *See* 29 U.S.C. § 633a(d). Ms. Betts never notified the EEOC of her intent to raise an ADEA claim, and has never, in fact, raised such a claim. *See* SAC (Dkt. # 29). For these reasons, the Older Workers Benefit Protection Act, which allows ADEA claimants a length of time in which to rescind settlement agreements, does not apply here. Because Ms. Betts has not previously raised an ADEA claim, and cannot do so at this time, the ADEA cannot provide a jurisdictional basis for this suit.

  For all of these reasons, Ms. Betts has not met her burden to show that this court may properly exercise subject-matter jurisdiction, and the court will therefore grant Defendant's motion to dismiss.

---

*See Thompson*, 388 Fed. Appx. at 874 ("Although we recognize that the EEOC twice informed [plaintiff] that she had a right to file a civil action appealing the EEOC's determination that the settlement agreement was valid and binding, an agency's actions cannot waive sovereign immunity.").

## IV. CONCLUSION

For the reasons stated above, the court GRANTS the Defendant's motion (Dkt. # 31).

Dated this 7th day of October, 2011.

*[Signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge